IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARL ALBERT COURTRIGHT III,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 09-cv-208-JPG |
| ) | |
| **LISA MADIGAN,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate at the United States Penitentiary located in Tuscon, Arizona (USP-Tuscon) brings this action for deprivations of his constitutional rights. Plaintiff seeks the return of certain items seized from him during the course of an investigation into child pornography charges and an order declaring certain searches and seizures "unconstitutional and thereby banned from use." This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at *5 (7th Cir. Aug. 20, 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, No. 06-4260, 2009 WL 2498580, at *2 (7th Cir. Aug. 18, 2009).

**THE COMPLAINT**

Plaintiff was found guilty, after a jury trial, of (1) producing child pornography by a repeat offender and registered sex offender in violation of 18 U.S.C. §§ 2251(a), 3559(e) and 2260A; (2) possessing child pornography by a repeat offender (two counts) in violation of 18 U.S.C. § 2252(a)(4)(B); (3) receipt of child pornography in violation of 18 U.S.C.§ 2252(a)(2); and (4) bank fraud in violation of 18 U.S.C. § 1344. *See United States v. Courtright*, Case No. 07-cr-30179-DRH (S.D. Ill.) (Judgment entered July 17, 2009). Plaintiff is currently serving a term of life imprisonment plus 120 months consecutively. *Id*. The events leading up to Plaintiff's prosecution and conviction form the basis for the instant complaint.

Specifically, in May 2007, the Illinois Attorney General's Office served a subpoena on

Myspace.com to determine whether any Illinois registered sex offenders were users of the website. *See* Plaintiff's Complaint pg. 4; *United States v. Courtright*, Case No. 07-cr-30179-DRH (S.D. Ill. Aug. 24, 2009, transcript of jury trial Day #2 filed) (testimony of Kenneth R. Wojtowicz). From information supplied by Myspace.com in response to the subpoena, it was learned that Plaintiff maintained a Myspace.com account. *Id*. It was further learned that Plaintiff's Internet Protocol (IP) address had offered child pornography for distribution on the Internet through Limewire. *United States v. Courtright*, Case No. 07-cr-30179-DRH (S.D. Ill. Aug. 24, 2009, transcript of jury trial Day #2 filed) (testimony of Kenneth R. Wojtowicz). The Illinois Attorney General's Office contacted the FBI Cyber Crimes Task Force for Madison and St. Clair Counties and informed the task force that a crime may have been committed. *Id*. An investigation was commenced, search warrants were executed on Plaintiff's place of residence, and computers were seized and searched. As noted above, Plaintiff was ultimately convicted on child pornography charges.

In the instant complaint, Plaintiff claims that the subpoena served by the Attorney General's Office on Myspace.com was "issued in violation of its own administrative power" and violated his "rights against illegal search and seizure." Plaintiff argues that but for this alleged illegal search by the Attorney General's Office, no subsequent investigation, prosecution, or conviction would have occurred. For relief, Plaintiff seeks an order declaring the subpoena to be in violation of his Fourth Amendment rights, returning the seized items to him, and "all fruits of the seizure a. . . to be declared unconstitutional and thereby banned from use . . . quashing the subpoena and subsequent search warrants."

**DISCUSSION**

The Court notes that Plaintiff appears to be closing the proverbial barn door after the horse has already left. That is, Plaintiff had already been convicted based on the evidence that grew out of the alleged violation of his rights by the Attorney General's Office. Assuming for the sake of argument that this Court could quash the subpoenas and warrants in question (an extremely dubious proposition at best), quashing them after the conviction would be futile unless Plaintiff intends to take a favorable ruling from this case and, then, attack the validity of his conviction. Such a maneuver, however, is barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). Put differently, it appears Plaintiff is attempting to mount an attack on the fact of his confinement, which can only be brought by means of a petition for a writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).

More problematically for Plaintiff is that this action rests on a meritless legal argument. Federal courts that have considered the question have unanimously held that a person has no expectation of privacy in Internet subscriber information. *See Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001); *Freedman v. America Online, Inc.* 412 F. Supp.2d 174, 181 (D. Conn. 2005); *United States v. Sherr*, 400 F. Supp.2d 843, 848 (D. Md. 2005); *United States v. Cox*, 190 F. Supp.2d 330, 332 (N.D.N.Y. 2002); *United States v. Kennedy,* 81 F. Supp.2d 1103, 1110 (D. Kans. 2000); *United States v. Hambrick*, 55 F. Supp.2d 504, 508-09 (W.D. Va. 1999), *aff'd* 225 F.3d 656 (4th Cir. 2000). These cases draw on settled federal law that a person has no reasonable expectation of privacy in information exposed to third parties, like a telephone company or bank. *See Smith v. Maryland*, 442 U.S. 735, 742 (1979) (finding no privact interest in telephone numbers dialed); *United States v. Miller*, 425 U.S. 435, 442 (1976) (finding no privacy interest in bank records). The logic of these cases extends to subscriber information revealed by Plaintiff to Myspace.com. In sum, because

4

Plaintiff had no reasonable expectation that the fact or existence of his Myspace.com account would remain private, neither the request by the Attorney General's Office for that information nor the disclosure of that information by MySpace.com violated Plaintiff's Fourth Amendment rights.

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated: 11/4/2009.**

                **s/ J. Phil Gilbert**
                **U. S. District Judge**